UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LINDA OATIS               CIVIL ACTION NO. 20-cv-1014

VERSUS                    JUDGE ELIZABETH E. FOOTE

THE RETZER GROUP INC ET AL   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff, a citizen of Mississippi, filed this action in state court against three defendants, Michael Retzer Jr., Retzer Resources, Inc., and The Retzer Group, Inc. The defendants removed the case based on an assertion of diversity jurisdiction. They acknowledged that Plaintiff and Retzer Resources, Inc. are both Mississippi citizens, which would destroy diversity, but the defendants assert that the citizenship of Retzer Resources, Inc. should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004).

The court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007). If Plaintiff contests the assertion that Retzer Resources, Inc. was improperly joined, she must file a motion to remand, supported by a memorandum, by **September 7, 2020** and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against that defendant. If Plaintiff timely files a motion to remand, it will be noticed for briefing so that the defendants can respond and attempt to meet their burden on the improper joinder issue. If Plaintiff does not timely

file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiff to concede the point, Retzer Resources, Inc. will be dismissed, and the case will proceed toward a Scheduling Order.

Defendants state in the notice of removal that Plaintiff has indicated that she intends to voluntarily dismiss Retzer Resources, Inc. and that she is also considering dismissing Michael Retzer Jr. If that is the case, Plaintiff is requested to act promptly so that jurisdiction can be resolved, the appropriate defendant(s) can answer, and the case can be in a posture to move forward.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of August, 2020.

Mark L. Hornsby
U.S. Magistrate Judge